UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
VIDYARTIE GANESH,

       Plaintiff,

       v.

NEW YORK CITY TRANSIT AUTHORITY,

       Defendant.
----------------------------------X

MEMORANDUM AND ORDER

19-CV-139(KAM)(LB)

**KIYO A. MATSUMOTO, United States District Judge:**

       Plaintiff Vidyartie Ganesh ("Plaintiff") filed this *pro se* action to recover for injuries he sustained in a traffic accident on October 5, 2017, as a passenger on a bus operated by the New York City Transit Authority[1] ("Defendant," or the "Transit Authority"). Plaintiff alleges that the Transit Authority is liable for, *inter alia*, violations of his constitutional rights, discrimination, and negligence. The Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

       For the reasons set forth below, Plaintiff's complaint fails to state a federal claim upon which relief may be granted. In the absence of a federal question, the Court would generally

---

[1] Plaintiff states, "[u]pon information and belief, [that Transit Authority] is owned by the City of New York." (Compl. ¶ 22.) However, "Transit Authority is a public authority and public benefits corporation under the Public Authorities Laws of the *State* of New York." *Guadagni v. New York City Transit Auth.*, No. 08-CV-3163(CPS)(SMG), 2009 WL 205050, at *1 (E.D.N.Y. Jan. 27, 2009), *aff'd*, 387 F. App'x 124 (2d Cir. 2010) (emphasis added).

decline to exercise supplemental jurisdiction over Plaintiff's remaining state claims. But Plaintiff has alleged that diversity of citizenship may provide an additional basis for jurisdiction in this action. The Court therefore will not dismiss the complaint at this time. Rather, the Court grants Plaintiff thirty (30) days to file an amended complaint stating a viable federal claim and/or alleging facts establishing that diversity jurisdiction exists in this action.

## Background

The following facts are drawn exclusively from the complaint and are assumed to be true for purposes of this Memorandum and Order:

On October 5, 2017, Plaintiff was involved in a traffic accident as a passenger on a bus operated by the Transit Authority. (ECF No. 1, Complaint ("Compl."), ¶ 2.) According to the complaint, the bus "slammed into a wall." (*Id.* ¶ 30.) Following the accident, the bus driver ushered the passengers onto a different bus. (*Id.* ¶ 41.) Plaintiff alleges that the bus driver then "unlawfully and illegally left the scene [of the accident]," and that the bus driver "disappeared and refused to cooperate [with Plaintiff,] . . . give his name[,] . . . or call the police and report the accident." (*Id.* ¶ 2.) Plaintiff also asserts that the bus driver "refused to provide any [medical] assistance to [him]" at the scene of the accident (*id.*), though

he does not specify the nature of the injuries he sustained immediately from the accident or the assistance he sought (or believes should have been provided) by the bus driver to address those injuries.

Plaintiff claims to have sustained serious injuries as a result of this accident, which he alleges ultimately led to two heart surgeries and vision problems. (*Id.*) This accident allegedly left Plaintiff "[p]oor, [h]ungry, and homeless in the United States" (*id.*), because the Transit Authority "us[ed] all kinds of dirty tricks and unlawful [practices]" to avoid compensating Plaintiff for the injuries its negligence caused (*id.* ¶ 3). As a result of this accident and the financial hardship it imposed on Plaintiff, he was left impoverished and homeless and was forced to return to his native Guyana in 2018. (*Id.* ¶ 11.) Plaintiff does not specify at which point in 2018 he returned to Guyana, nor does he indicate whether he intends to return to New York. (*See id.*) Plaintiff currently resides at Lot 12, Pigeon Island, East Coast, Demerara, Guyana. (*Id.*)

On January 3, 2019, plaintiff filed the instant complaint. (*See generally id.*) Although Plaintiff's complaint contains cumulative allegations and colorful descriptions of the facts at issue, the Court is able to discern several alleged causes of action. Specifically, Plaintiff alleges that the Transit Authority should be held liable for (1) negligence (*id.*

at 7); (2) deprivation of Plaintiff's rights under the Fifth, Eighth, and Fourteenth Amendments pursuant to 42 U.S.C. § 1983 (*id.* at 19); (3) "cruel, inhuman[e], or degrading treatment" in violation of customary international law under the Alien Tort Claims Act ("ATCA"), 28 U.S.C. § 1350 (*id.* at 22); and (4) race and national origin discrimination under the New York City Human Rights Law, 8 N.Y.C. Admin. Code §§ 8-107 and 8-502 ("NYCHRL") (*id.* at 22).

### Standard of Review

Plaintiff is proceeding *in forma pauperis*, and the Court must therefore screen his complaint and dismiss his action if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court is mindful that Plaintiff's pleadings should be liberally construed, based on his *pro se* status. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (quoting *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)). Nonetheless, his complaint must still "plead sufficient facts to state a claim to relief that is plausible on its face." *Mancuso v. Hynes*, 379 F. App'x 60, 61 (2d Cir. 2010) (internal citations and quotation marks omitted).

A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable

4

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It is not enough that a plaintiff "tender[] 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Moreover, in considering whether to dismiss a complaint, the court accepts as true all factual allegations in the complaint, though this tenet does not apply to legal conclusions. *Id.*

### Discussion

Plaintiff's complaint alleges several causes of action, all of which arise from the October 5, 2017, bus accident. The majority of Plaintiff's causes of action must be dismissed for failure to state a claim upon which relief may be granted. The remainder may be subject to dismissal due to a lack of subject matter jurisdiction.

**I. Failure to State a Claim**

The Court begins by addressing Plaintiff's claims brought pursuant to (1) 42 U.S.C. § 1983, (2) the ATCA, and (3) the NYCHRL. Plaintiff's complaint fails to allege facts plausibly supporting any of the foregoing causes of action and, consequently, they must be dismissed for failure to state a claim upon which relief may be granted.

5

a. Title 42 U.S.C. § 1983

Plaintiff's § 1983 claims against Transit Authority for alleged violations of his constitutional rights must be dismissed for failure to state a claim upon which relief may be granted. (Compl. ¶ 7.) Section 1983 "creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993). "To prevail on a claim under 42 U.S.C. § 1983, a plaintiff must allege (1) 'that some person has deprived him of a federal right,' and (2) 'that the person who has deprived him of that right acted under color of state . . . law.'" *Velez v. Levy*, 401 F.3d 75, 84 (2d Cir. 2005) (quoting *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)); *see also, e.g., Reed v. Medford Fire Dep't, Inc.*, 806 F. Supp. 2d 594, 609 (E.D.N.Y. 2011) (citing 42 U.S.C. § 1983).

Plaintiff has failed to plead a proper Section 1983 claim against the Transit Authority. "[T]o bring a section 1983 claim against a governmental entity such as the Transit Authority, a plaintiff must prove that the alleged constitutional violation resulted from either government custom or policy, *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978), or action by a representative of that entity with the authority to make final decisions." *Runyon v. New York City Transit Auth.*, No. 99-cv-8670 (CBM), 2002 WL 31093609, at *4

(S.D.N.Y. Sept. 18, 2002) (citing *Clue v. Johnson*, 179 F.2d 57, 62 (2d Cir. 1999)); *see also George v. New York City Transit Auth.*, No. 13-cv-7986, 2014 WL 3388660, at *3 (S.D.N.Y. July 11, 2014) (applying *Monell* to the New York City Transit Authority); *Campbell v. New York City Transit Auth., Transit Adjudication Bureau*, No. 17-cv-4414 (AMD), 2017 WL 3328234, at *2 (E.D.N.Y. Aug. 2, 2017).

Plaintiff fails to plead a "policy or custom" of Transit Authority that caused a deprivation of his constitutional rights. *See Monell*, 436 U.S. at 692; *Gordon v. City of New York*, No. 10-CV-5148, 2012 WL 1068023, at *4 (E.D.N.Y. Mar. 29, 2012) (dismissing *Monell* claim where the plaintiff's "allegation [was] unsupported by anything other than the facts of what occurred in his particular case") (citing *Ricciuti v. N.Y.C. Transit Authority*, 941 F.2d 119, 123 (2d Cir. 1991)). Rather, the gravamen of Plaintiff's complaint is that Transit Authority's employee(s) acted *negligently* in causing his injuries. Plaintiff's complaint pleads no facts addressed to any act, omission, or policy of the Transit Authority that contributed to or caused any violations of his constitutional rights, nor does he indicate that any supervisory employee directed any alleged violations of his constitutional rights. In substance, Plaintiff's action is a tort action seeking to hold Transit Authority responsible for the allegedly negligent

conduct of a lower-level employee based solely on vicarious liability. A Section 1983 action is not sustainable on the facts alleged by Plaintiff. *See Jones v. Town of E. Haven*, 691 F.3d 72, 81 (2d Cir. 2012) (describing instances where governmental entity might be liable under Section 1983 for conduct of a lower-level employee); *Davis v. City of New York*, No. 16-cv-4097 (CBA)(LB), 2017 WL 5514198, at *4 (E.D.N.Y. Aug. 24, 2017), *report and recommendation adopted*, No. 16-cv-4097, 2017 WL 5514181 (E.D.N.Y. Nov. 16, 2017) ("A government entity is not liable under § 1983 for the conduct of a lower-level employee based solely on vicarious liability.").

b. <u>Alien Tort Claims Act</u>

*Second*, Plaintiff's ATCA claims must also be dismissed. To state an ATCA claim, a plaintiff must show that:

> (1) the complaint pleads a violation of the law of nations; (2) the presumption against the extraterritorial application of the ATS, announced by the Supreme Court in *Kiobel II* [*Kiobel v. Royal Dutch Petroleum Co.*, 569 U.S. 108, 124 (2013)], does not bar the claim; (3) customary international law recognizes the asserted liability of a defendant; and (4) the theory of liability alleged by plaintiffs (i.e., aiding and abetting, conspiracy) is recognized by customary international law or "the law of nations."

*Nahl v. Jaoude*, 354 F. Supp. 3d 489, 497 (S.D.N.Y. 2018) (quoting *Balintulo v. Ford Motor Co.*, 796 F.3d 160, 165 (2d Cir. 2015)).

8

Plaintiff has not identified any applicable provision of a treaty or the law of nations that has been violated. Rather, Plaintiff conclusorily alleges that Transit Authority's conduct "violated customary international law prohibiting cruel, inhuman[,] or degrading treatment as . . . reflected, expressed[,] an[d] defined in multilateral treaties and other international treat[ies], [and] international and domestic judicial decisions." (Compl. ¶ 72.) The Court is hard pressed to imagine how alleged negligence of the nature at issue in this action would fall within the scope of this act. In any event, Plaintiff's conclusory assertion is not sufficient to state a claim under the ATCA. *See Sosa v. Alvarez-Machain*, 542 U.S. 692, 737 (2004); *Velez v. Sanchez*, 693 F.3d 308, 319 (2d Cir. 2012).

c. <u>New York City Human Rights Law</u>

Plaintiff's claims pursuant to the NYCHRL must also be dismissed for failure to state a claim. The Second Circuit has indicated that despite the relative breadth of the NYCHRL, "[t]he plaintiff still bears the burden of showing that the [challenged] conduct is caused by a discriminatory motive." *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 110 (2d Cir. 2013). Plaintiff has alleged no facts suggesting that there is a nexus between the alleged misconduct and a discriminatory animus. The complaint contains only conclusory

allegations of alleged racism, with no facts alleged that would render his allegations plausible. Plaintiff does nothing more than cite to the fact that individuals of other national origins have received payments in other actions – involving different circumstances and different parties – which is insufficient to meet his burden in this regard.

## II. Lack of Subject Matter Jurisdiction[2]

In addition to the foregoing causes of action, Plaintiff's complaint also alleges that Defendant is liable for (1) negligence and (2) violating New York General Business Law § 349(a). Plaintiff alleges that the Court has diversity jurisdiction over these claims because the parties herein are diverse and Plaintiff is *not a citizen of a State of the United States* as defined in 28 U.S.C. § 1332(c)-(d)." (Compl. ¶ 8.) This allegation represents an understandable misconception of the meaning of citizenship for purposes of diversity jurisdiction and is insufficient to establish that such jurisdiction exists.

As an initial matter, "subject-matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625,

---

[2] Rather than proceed in this court, Plaintiff may alternatively ascertain whether his claims are timely in state court and, if so, may determine it is more prudent to proceed with his claims against the Transit Authority there.

630 (2002). Thus, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). "When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Id.*; *see also* Fed. R. Civ. P. 12(h)(3). In light of the Court's dismissal of Plaintiff's purported federal question claims,[3] the only basis on which the Court could hear Plaintiff's negligence claim is diversity jurisdiction. *See* 28 U.S.C. § 1332.

Diversity jurisdiction exists where there is complete diversity of citizenship between the plaintiff and the defendants. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). This means that the plaintiff cannot be a citizen of the same state as any of the defendants. *St. Paul Fire and Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005) ("Diversity is not complete if any plaintiff is a citizen of the same state as any defendant."). The party asserting diversity jurisdiction bears the burden of

---

[3] Plaintiff argues that the Court has jurisdiction to hear his claims pursuant to: (1) federal question jurisdiction (28 U.S.C. § 1331); (2) diversity jurisdiction (28 U.S.C. § 1332); (3) Alien Tort Claims Act jurisdiction (28 U.S.C. § 1350); and (4) supplemental jurisdiction (28 U.S.C. § 1367). All of Plaintiff's federal claims have been dismissed, leaving diversity of citizenship as the only remaining basis for jurisdiction.

proving that it exists by a preponderance of the evidence. *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005).

As noted above, Plaintiff states that diversity jurisdiction exists because "the parties herein are diverse and Plaintiff is *not a citizen of a State of the United States* as defined in 28 U.S.C. § 1332(c)-(d)." (Compl. ¶ 8.) But an individual's citizenship, for diversity purposes, is determined not by legal citizenship or residency. *See Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000). Rather, it is identified by the party's *domicile*, which is defined as the place "where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has *the intention of returning*." *Id.* at 42 (emphasis added).

Plaintiff indicates that he previously resided in New York, and that he left as a result of becoming homeless after the accident giving rise to this action. It is not clear from the facts Plaintiff alleges that he does not plan to return to New York. Plaintiff provides an address for himself in Queens, New York, and indicates that he returned to Guyana "in 2018," but he does not specify when this occurred, or whether he intends to return to New York. (*See* Compl. ¶ 45.) Because it is unclear whether Plaintiff intends to return to New York, it is unclear whether he is domiciled in New York or in Guyana. If

12

the former, diversity would not be complete, as both Plaintiff and Transit Authority would then be citizens of New York. *See Bartlett v. Honeywell Int'l Inc.*, 737 F. App'x 543, 547 (2d Cir. 2018) (unpublished), *cert. denied*, 18-256, 2018 WL 4111071 (U.S. Oct. 9, 2018); *Byrd v. Metro. Transit Auth.*, No. 15 CV 1364, 2015 WL 4546718, at *2 (E.D.N.Y. July 28, 2015) (noting that the MTA is "a New York State public benefit corporation that provides public transportation services to the Greater New York City area").

## Conclusion

The Court finds that Plaintiff has failed to state a federal claim upon which relief may be granted and, in the absence of diversity jurisdiction, would decline to exercise supplemental jurisdiction over Plaintiff's state claims. Before dismissing Plaintiff's complaint, however, the Court will provide Plaintiff with an opportunity to file an amended complaint which states a viable claim and/or alleges facts showing that diversity of citizenship is present in this action.

To the extent that Plaintiff seeks to establish diversity of citizenship, he is reminded that citizenship is based on one's domicile rather than one's nationality or place of residence. Plaintiff must therefore allege facts bearing on whether he is domiciled in Guyana, including when Plaintiff first departed for Guyana, how long Plaintiff intends to remain

in Guyana, and whether Plaintiff intends to return to New York. Plaintiff should provide proof of the facts bearing on the foregoing questions through a sworn statement with supporting documentation establishing that his domicile is in Guyana, rather than in New York.

Plaintiff is advised that any amended complaint he files will completely replace his first complaint. The amended complaint must be entitled, "Amended Complaint," and must bear the same docket number as this Memorandum and Order. If Plaintiff fails to comply with this Memorandum and Order within thirty (30) days of its issuance, the Court will likely dismiss this action.

The Clerk of Court is respectfully directed to serve a copy of this Memorandum and Order on *pro se* Plaintiff at both his address of record in this action, 184-16 Edgewood Avenue, Springfield Gardens, New York 11413, and the address Plaintiff lists for himself abroad, Lot 12, Pigeon Island, East Coast, Demerara, Guyana, South America, and to note service on the docket. Plaintiff is required to advise the Clerk of Court of any change of address.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for

purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated:     October 7, 2019
             Brooklyn, New York

s/Kiyo A. Matsumoto
_____
HON. KIYO A. MATSUMOTO
UNITED STATES DISTRICT JUDGE